**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **CHARLES SULLINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:20-cv-00530** |
| | ) | |
| **JEFFREY MORELAND, J&J MARTIN,** | ) | |
| **INC., and GEICO CASUALTY COMPANY,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER

COMES NOW the defendant Geico Casualty Company and in response to the Plaintiff's Complaint, as amended, makes the defenses and responses set forth below:

### FIRST DEFENSE

1.      By information and belief, admitted.

2.      By information and belief, admitted.

3.      By information and belief, admitted.

4.      This defendant admits it is a Maryland corporation and that it issued a policy of automobile insurance to John Sullins, to-wit, policy number 4491049294, with UM/UIM coverage, subject to the terms, limitations and exclusions of the policy, and applicable law, and that one vehicle was insured under said policy.

5.      This defendant is unaware of the identity of any fictitious parties sought to be described in the body or style of the complaint.

6.      Paragraph six requires no response.

7.      This defendant denies the material allegations of paragraph seven of the complaint and demands strict proof thereof.

8.      This defendant is without sufficient information to admit or deny the material allegations of paragraph eight of the complaint, hence denied.

9.      This defendant denies the material allegations of paragraph nine of the complaint and demands strict proof thereof.

10.     This defendant is without sufficient information to admit or deny the material allegations of paragraph ten of the complaint.

11.     This defendant denies the material allegations of paragraph eleven of the complaint and demands strict proof thereof.

12.     This defendant denies the material allegations of paragraph twelve of the complaint and demands strict proof thereof.

13.     This defendant is without sufficient information to admit or deny the material allegations of paragraph thirteen of the complaint.

14.     This Defendant adopts and incorporates it responses to the preceding paragraphs of the Complaint as if set forth in full herein.

15.     Paragraph fifteen is not directed to this defendant but is expressly directed to the defendant Moreland, hence no response is required.  To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

16.     Paragraph sixteen is not directed to this defendant but is expressly directed to the defendant Moreland, hence no response is required.  To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

17.     Paragraph seventeen is not directed to this defendant but is expressly directed to the defendant Moreland, hence no response is required. To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

18.     Paragraph eighteen is not directed to this defendant but is expressly directed to the defendant Moreland, hence no response is required. To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

19.     Paragraph nineteen is not directed to this defendant but is expressly directed to the defendant Moreland, hence no response is required. To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

20.     Paragraph twenty is not directed to this defendant but is expressly directed to the defendant J&J Martin, hence no response is required. To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

21.     Paragraph twenty-one is not directed to this defendant but is expressly directed to the defendant J&J Martin, hence no response is required. To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

22.     Paragraph twenty-two is not directed to this defendant but is expressly directed to the defendant J&J Martin, hence no response is required. To the extent this paragraph is

construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

23.     Paragraph twenty-three is not directed to this defendant but is expressly directed to the defendant J&J Martin, hence no response is required.  To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

24.     Paragraph twenty-four is not directed to this defendant but is expressly directed to the defendant J&J Martin, hence no response is required.  To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

25.     This Defendant adopts and incorporates it responses to the preceding paragraphs of the Complaint as if set forth in full herein.

26.     Paragraph twenty-six is not directed to this defendant but is expressly directed to the defendant J&J Martin, hence no response is required.  To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

27.     Paragraph twenty-seven is not directed to this defendant but is expressly directed to the defendant J&J Martin, hence no response is required.  To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

28.     Paragraph twenty-eight is not directed to this defendant but is expressly directed to the defendant J&J Martin, hence no response is required.  To the extent this paragraph is

construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

29.     Paragraph twenty-nine is not directed to this defendant but is expressly directed to the defendant Moreland, hence no response is required.  To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

30.     Paragraph thirty is not directed to this defendant but is expressly directed to the defendant Moreland, hence no response is required.  To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

31.     Paragraph thirty-one is not directed to this defendant but is expressly directed to the defendant Moreland, hence no response is required.  To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

32.     Paragraph thirty-two is not directed to this defendant but is expressly directed to the defendant Moreland, hence no response is required.  To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

33.     Paragraph thirty-three is not directed to this defendant but is expressly directed to the defendant Moreland, hence no response is required.  To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

34.     Paragraph thirty-four is not directed to this defendant but is expressly directed to the defendant Moreland, hence no response is required.  To the extent this paragraph is construed as an allegation against this defendant the same is denied and this defendant demands strict proof thereof.

## COUNT V

1.      This Defendant adopts and incorporates it responses to the preceding paragraphs of the Complaint as if set forth in full herein.

2.      This defendant admits it is a Maryland corporation and that it issued a policy of automobile insurance to John Sullins, to-wit, policy number 4491049294, with UM/UIM coverage, subject to the terms, limitations and exclusions of the policy, and applicable law, and that one vehicle was insured under said policy.

3.      Admitted.

4.      This defendant admits the premiums were paid for the policy of John Sullins.

5.      Admitted, up to the applicable policy limits.

6.      Admitted.

## COUNT VI

7.      This defendant is unaware of the identity of any fictitious parties sought to be described in the body or style of the complaint.

8.      This defendant is unaware of the identity of any fictitious parties sought to be described in the body or style of the complaint.

9.      This defendant is unaware of the identity of any fictitious parties sought to be described in the body or style of the complaint.

## SECOND DEFENSE

Defendant denies each and every material allegation of the Complaint not expressly admitted herein, and demands strict proof thereof.

## THIRD DEFENSE

The Defendant denies the Plaintiff suffered the injuries alleged in the Complaint, and denies the Plaintiff is entitled to the damages and relief sought in the ad damnum clause(s) of the Amended Complaint.

## FOURTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

This Defendant affirmatively pleads the notice provisions of the policy of insurance issued to Plaintiff is applicable and controlling in this matter.

## SIXTH DEFENSE

The Defendant affirmatively pleads the doctrine and defense of setoff. Defendant affirmatively avers setoff for all monies received by the Plaintiff, or potentially available to protect the tortfeasor in this case. Defendant asserts and reserves its right to elect whether to inform the jury of any setoff amounts, or to allow the trial court to setoff from any judgment or verdict the appropriate setoff amount.

## SEVENTH DEFENSE

This Defendant affirmatively avers that any liability against it is restricted and limited by the terms and conditions of any applicable insurance policy, including but not limited to monetary limitations, as if set forth in full herein.

### EIGHTH DEFENSE

This Defendant affirmatively avers that any liability against it is governed by the express terms and conditions of any applicable insurance policy, as well as any applicable law, and this Defendant claims the benefit and all limitations of any such policy or law.

### NINTH DEFENSE

This Defendant pleads as an affirmative defense the procedures outlined in *Lambert vs. State Farm Mut. Auto. Ins. Co.,* 576 So.2d 160 (Ala.1991), and its progeny, applicable to any settlement between the plaintiff and the alleged tortfeasor, and affirmatively pleads all rights and defenses available to it under *Lambert.*

### TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence.

### ELEVENTH DEFENSE

Plaintiff has not suffered any injury to Plaintiff's property or person by reason of any act or omission by any codefendant, and Plaintiff does not have standing to assert the claims at issue.

### TWELFTH DEFENSE

The Complaint is vague, ambiguous and fails to plead with sufficient facts so as to allow Defendant to prepare an adequate response as required by the Alabama Rules of Civil Procedure.

### THIRTEENTH DEFENSE

To the extent that the Plaintiff has suffered any damages, such damages were caused by, and were the responsibility of persons, parties and/or entities other than any co-defendant.

## FOURTEENTH DEFENSE

Defendant denies that any wrongdoing on the part of any codefendant was the proximate cause of any injury or damage suffered by Plaintiff, and Defendant asserts that there was an intervening cause.

## FIFTEENTH DEFENSE

This Defendant affirmatively pleads the doctrine of last clear chance.

## SIXTEENTH DEFENSE

This Defendant affirmatively pleads the doctrine of unavoidable accident.

## SEVENTEENTH DEFENSE

This Defendant affirmatively pleads the applicable statute of limitations.

## EIGHTEENTH DEFENSE

This Defendant affirmatively pleads the sudden emergency doctrine.

## NINETEENTH DEFENSE

Plaintiff's claims are barred by the exclusivity provisions of the Workers' Compensation Act.

## TWENTIETH DEFENSE

This Defendant denies any codefendant engaged in any negligent, reckless or wanton conduct as alleged in the Complaint and demands strict proof thereof.

## TWENTY-FIRST DEFENSE

This Defendant affirmatively pleads judicial estoppel.

## TWENTY-SECOND DEFENSE

This Defendant affirmatively pleads the Plaintiff's damages are the result of an efficient intervening, or of a superseding cause.

TWENTY-THIRD DEFENSE

This Defendant affirmatively pleads the Plaintiff's alleged injuries or damages are the result of a preexisting infirmity or condition.

TWENTY-FOURTH DEFENSE

To the extent the Complaint requests damages for mental anguish or emotional distress, Defendant affirmatively avers that imposing damages for mental anguish or emotional distress is unconstitutional under the United States Constitution and the Constitution of the State of Alabama. Current Alabama procedures relative to damages for mental anguish and emotional distress provide no objective, logical or reasonable standards or criteria to govern the award of such damages, therefore this Defendant is denied due process and equal protection of the laws as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, 10, 11, 13 and 22 of the Alabama Constitution (1901) separately and severally.

TWENTY-FIFTH DEFENSE

To the extent the Complaint requests damages for mental anguish or emotional distress, Defendant affirmatively avers that there are no procedural safeguards for the imposition of damages for emotional distress and mental anguish. Therefore, because such damages are left to the discretion of the jury, any such award would be improper and unconstitutional.

To the extent Plaintiff claims punitive damages such claim for punitive damages against Defendant is unconstitutional in violation of both the United States Constitution and the Constitution of Alabama for the following reasons:

(a)	The imposition of punitive damages against this Defendant without specific standards for the award of punitive damages violates equal protection and due process of law.

(b)	The standards provided to juries to assess punitive damages in the State of Alabama are void for vagueness and in violation of equal protection and due process of law.

(c)	The imposition of punitive damages against this Defendant should require substantial evidence that this Defendant engaged in intentional or malicious conduct. Punitive damages should not be recovered for any conduct less than intentional or malicious.

(d)	The current judicial procedure for the review of and award of punitive damages is meaningless and illusory and violates equal protection and due process of law. There are not sufficient standards of review to comport with due process and equal protection.

TWENTY-SIXTH DEFENSE

Defendant affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

TWENTY-SEVENTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment of the Constitution of the United States.

TWENTY-EIGHTH DEFENSE

Defendant affirmatively avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this

Defendant punitive damages which are penal in nature yet compel this Defendant to disclose potentially incriminating documents and evidence.

TWENTY-NINTH DEFENSE

To the extent Plaintiff claims punitive damages, such claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages; which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against Defendant for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## THIRTIETH DEFENSE

To the extent Plaintiff claims punitive damages, such claim of punitive damages violates the Due Process Clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

## THIRTY-FIRST DEFENSE

An award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTY-SECOND DEFENSE

An award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, § 22 of the Constitution of Alabama.

## THIRTY-THIRD DEFENSE

The Complaint fails to state a claim for punitive damages under *Ala. Code* §§ 6-11-20 to 6-11-30 (1975), and is barred.

## THIRTY-FOURTH DEFENSE

The recovery of punitive damages by the Plaintiff in this case is subject to the limitations enacted by the Alabama Legislature and set forth in *Ala. Code* § 6-11-21. Defendant submits that

those legislative enactments are still in force and effect and that the Alabama Supreme Court cannot abolish said limitations by judicial action.

THIRTY-FIFTH DEFENSE

Any award of punitive damages against Defendant in this action would violate the Due Process Clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996) and the Alabama Supreme Court in *BMW v. Gore*, 701 So. 2d 507 (Ala. 1997) on the following grounds:

        (a)    It is a violation of the Defendant's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

        (b)    It is a violation of due process to subject this Defendant to punitive damages without providing Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

        (c)    It is a violation of due process to punish Defendant with the intent of changing its lawful conduct in other states; and

        (d)    It is a violation of this Defendant's rights to due process to impose punitive damages which are grossly excessive.

THIRTY-SIXTH DEFENSE

Any award of punitive damages against Defendant in this action would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, in accordance with the decision of the United States Supreme Court in *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S.Ct. 1513, 155 L.Ed. 585 (2003).

### THIRTY-SEVENTH DEFENSE

Defendant avers that the filing of this Complaint was more than sixty days after the enactment of the amendment to *Ala. Code* § 6-11-21 (1975); therefore, the amended version of said statute is applicable to the award of any punitive damages in this matter.

### THIRTY-EIGHTH DEFENSE

The Defendant affirmatively pleads any other matter constituting an avoidance or affirmative defense.

### THIRTY-NINTH DEFENSE

The Defendant reserves the right to plead such other avoidance or affirmative defense as becomes known as this matter progresses.

Respectfully submitted this the __6th__ day of August, 2020.

_____
Joshua J. Jackson
*Attorney for Defendant Geico Casualty Company*

**SAMFORD & DENSON, LLP**
P.O. Box 2345
Opelika, AL  36803-2345
Telephone (334) 745-3504
Facsimile (334) 745-3506

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via the Court's CM/ECF Filing System or U.S. Mail on August 6, 2020, as follows:

Charles James, II, Esq.
Brandon Price-Crum, Esq.
Serious Injury Law Group
418 Scott Street
Montgomery, Alabama 36104

M. Jeremy Dotson
Porterfield, Harper, Mills, Motlow,
& Ireland, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242-4821

_____
OF COUNSEL