# THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| CHARLES SULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Civil Action No. |
| | )  3:20-cv-00530-SMD |
| JEFFREY MORELAND, J & J | ) |
| MARTIN, INC., and GEICO | ) |
| CASUALTY COMPANY, et al. | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT JEFFREY MORELAND TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant Jeffrey Moreland (hereinafter referred to as "Defendant"), and in response to Plaintiff's Amended Complaint state as follows:

## STATEMENT OF PARTIES

1. Based upon information and belief, admitted.

2. Admitted.

3. The allegations contained in this paragraph are directed to a Defendant other than this Defendant and, thus, no response is required from this Defendant. However, it is Defendant's understanding and belief that Defendant J & J Martin, Inc. does business in Stevens County, Kansas, where its principal place of business is located. Defendant admits that its registered agent, for purposes of service, is Jeff Martin located at 101 North Jackson, Hugoton, Kansas 67951.

4. Paragraph 4 is not directed to this Defendant but is expressly directed to Defendant Geico Casualty Company, hence no response is required. However, it is Defendant's understanding and belief that Defendant Geico Casualty Company is a Maryland corporation with its principal place of business located in Washington, D.C. and that it issued a policy of automobile insurance to John Sullins with UM/UIM coverage.

5. Paragraph 5 references Fictitious Defendants and, as such, does not require a response from this Defendant. To the extent that the allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

6. Paragraph 6 does not require a response from Defendant.

## VENUE

7. Defendant denies that the incident made the basis of this lawsuit occurred in Montgomery County, Alabama.

## STATEMENT OF FACTS

8. Defendant is without sufficient knowledge or information to admit or deny the material allegations of this paragraph at this time. Therefore, this paragraph is denied.

9. Admitted to the extent that this Defendant was operating a 2009 Peterbuilt Tractor Trailer (18-wheeler) traveling North on Interstate 85 in Macon

County, Alabama at the time of the accident made the basis of this lawsuit. The remainder of this paragraph is denied.

10. Paragraph 10 is not directed to this Defendant but is expressly directed to Defendant J & J Martin, Inc. and the ownership of the 18-wheeler involved in the subject accident, hence no response is required of this Defendant. To the extent that the material allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

11. Admitted to the extent that Defendant Moreland was an employee of Defendant J & J Martin, Inc. and was in the line and scope of his employment at the time of the accident made the basis of this lawsuit. The remainder of the material allegations of this paragraph are denied.

12. Defendant is without sufficient knowledge or information to admit or deny the material allegations of this paragraph at this time. Therefore, this paragraph is denied.

13. Defendant is without sufficient knowledge or information to admit or deny the material allegations of this paragraph at this time. Therefore, this paragraph is denied.

## COUNT I - NEGLIGENCE

14. Defendant adopts and incorporates its responses to all previous paragraphs as if set forth fully herein.

15. Defendant is without sufficient knowledge or information to admit or deny the material allegations of this paragraph at this time. Therefore, this paragraph is denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

Defendant denies that Plaintiff is entitled to judgment for compensatory damages, punitive damages or any other relief in this action.

**COUNT II - NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION**

20. Defendant adopts and incorporates its responses to all previous paragraphs as if set forth fully herein.

21. Paragraph 21 is not directed to this Defendant but is expressly directed to Defendant J & J Martin, Inc., hence no response is required of this Defendant. To the extent that the material allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

22. Paragraph 21 is not directed to this Defendant but is expressly directed to Defendant J & J Martin, Inc., hence no response is required of this Defendant. To the extent that the material allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

4

23. Paragraph 21 is not directed to this Defendant but is expressly directed to Defendant J & J Martin, Inc., hence no response is required of this Defendant. To the extent that the material allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

24. Paragraph 21 is not directed to this Defendant but is expressly directed to Defendant J & J Martin, Inc., hence no response is required of this Defendant. To the extent that the material allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

Defendant denies that Plaintiff is entitled to judgment for compensatory damages, punitive damages or any other relief in this action.

## **COUNT III – NEGLIGENT ENTRUSTMENT**

25. Defendant adopts and incorporates its responses to all previous paragraphs as if set forth fully herein.

26. Paragraph 21 is not directed to this Defendant but is expressly directed to Defendant J & J Martin, Inc., hence no response is required of this Defendant. To the extent that the material allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

27. Paragraph 21 is not directed to this Defendant but is expressly directed to Defendant J & J Martin, Inc., hence no response is required of this

Defendant. To the extent that the material allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

28. Paragraph 21 is not directed to this Defendant but is expressly directed to Defendant J & J Martin, Inc., hence no response is required of this Defendant. To the extent that the material allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

Defendant denies that Plaintiff is entitled to judgment for compensatory damages, punitive damages or any other relief in this action.

## **COUNT IV – RECKLESSNESS & WANTONNESS**

29. Defendant adopts and incorporates its responses to all previous paragraphs as if set forth fully herein.

30. Denied as it relates to the material allegations of this paragraph asserted against this Defendant. The material allegations asserted against Fictitious Defendants in this paragraph do not require a response from this Defendant. To the extent that the allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

31. Denied as it relates to the material allegations of this paragraph asserted against this Defendant. The material allegations asserted against Fictitious Defendants in this paragraph do not require a response from this Defendant. To

the extent that the allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

32. Denied as it relates to the material allegations of this paragraph asserted against this Defendant. The material allegations asserted against Fictitious Defendants in this paragraph do not require a response from this Defendant. To the extent that the allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

33. Paragraph 33 does not require a response from Defendant. However, Defendant denies that Plaintiff is entitled to judgment for compensatory damages, punitive damages or any other relief in this action.

34. Denied.

Defendant denies that Plaintiff is entitled to judgment for compensatory damages, punitive damages or any other relief in this action.

### **COUNT V – UNINSURED MOTORIST CLAIM**

1. Defendant adopts and incorporates its responses to all previous paragraphs as if set forth fully herein.

2. This paragraph is not directed to this Defendant but is expressly directed to Defendant Geico Casualty Company. Therefore, no response is required from this Defendant. To the extent that the allegations of this paragraph

rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

3. This paragraph is not directed to this Defendant but is expressly directed to Defendant Geico Casualty Company. Therefore, no response is required from this Defendant. To the extent that the allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

4. This paragraph is not directed to this Defendant but is expressly directed to Defendant Geico Casualty Company. Therefore, no response is required from this Defendant. To the extent that the allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

5. This paragraph is not directed to this Defendant but is expressly directed to Defendant Geico Casualty Company. Therefore, no response is required from this Defendant. To the extent that the allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

6. This paragraph is not directed to this Defendant but is expressly directed to Defendant Geico Casualty Company. Therefore, no response is required from this Defendant. To the extent that the allegations of this paragraph

rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

Defendant denies that Plaintiff is entitled to judgment for compensatory damages, punitive damages or any other relief in this action.

## **COUNT VI – FICTITIOUS DEFENDANTS**

7. Defendant adopts and incorporates its responses to all previous paragraphs as if set forth fully herein.

8. This paragraph references Fictitious Defendants and, as such, does not require a response from this Defendant. To the extent that the allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

9. This paragraph references Fictitious Defendants and, as such, does not require a response from this Defendant. To the extent that the allegations of this paragraph rely upon or implicate any liability on the part of this Defendant, this paragraph is denied.

Defendant denies that Plaintiff is entitled to judgment for compensatory damages, punitive damages or any other relief in this action.

## AFFIRMATIVE DEFENSES

1. This Defendant denies each and every material allegation of wrongdoing as outlined in the Plaintiff's Complaint and demands strict proof thereof.

2. This Defendant denies each and every allegation of damages as alleged by the Plaintiff and demands strict proof thereof.

3. The Complaint as worded fails to state a claim upon which relief can be granted.

4. This Defendant pleads failure to join one or more necessary or indispensable parties under Rule 19.

5. This Defendant pleads the doctrine of waiver, estoppel, issue preclusion and release.

6. This Defendant pleads the defense of contributory negligence.

7. This Defendant pleads the defense of assumption of the risk.

8. This Defendant pleads the presence of unforeseeable acts or events which may have caused any damages alleged by Plaintiff.

9. This Defendant pleads last clear chance as an affirmative defense.

10. This Defendant states that there existed an intervening and/or superseding cause or event which was the proximate cause of the harm complained

of and proximately caused or contributed to Plaintiff's alleged injuries and damages.

11. The Plaintiff failed to mitigate damages alleged in the Complaint.

12. Pursuant to *Marsh v. Green*, 782 So.2d 223 (Ala. 2000), this Defendant asserts *Ala. Code* § 12-21-45 (1975), as an affirmative defense. This Defendant avers that any claims for damages for medical expenses and/or hospital expenses have been or will be reimbursed or paid in full or in part by an independent and collateral source.

13. This Defendant asserts that he is entitled to a set-off or credit of any and all settlement amounts paid by any party or potential party to this litigation, whether or not named herein.

14. This Defendant pleads the doctrine of waiver, estoppel, issue preclusion and release.

15. This Defendant pleads estoppel, including, but not limited to, judicial estoppel.

16. This Defendant has not breached any duties allegedly owed to Plaintiffs.

17. This Defendant denies the Plaintiff's allegations of negligence.

18. This Defendant denies the Plaintiff's allegations of reckless and/or wanton conduct.

19. This Defendant asserts the proximate cause of the accident made the basis of this lawsuit may have been the conduct and breach of duty by some party or person other than this Defendant, and over whom this Defendant did not possess a right of control and for whose acts this Defendant is not legally responsible.

20. This Defendant asserts that Plaintiff Charles Sullins did not properly obey the rules of the road of the State of Alabama.

21. Plaintiff should not recover punitive damages of this Defendant for that punitive damages violate the Constitution of the United States and the Constitution of the State of Alabama.

22. Plaintiff should not recover punitive damages of this Defendant for that the award of punitive damages violates due process afforded by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

23. Plaintiff should not recover punitive damages of this Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

24. Plaintiff should not recover punitive damages of this Defendant for that an assessment of punitive damages in excess of the amount that would be assessed under the criminal statutes of the Alabama Criminal Code violates the

Eighth Amendment to the United States Constitution and Article I, Section 15, of the Constitution of the State of Alabama.

25. Plaintiff should not recover punitive damages of this Defendant in any action based on contract, since an assessment of punitive damages in a contract action violates the contracts clause of the United States Constitution, Article I, Section 10.

26. A punitive damage award of the amount requested is impermissible under the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

27. A lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

28. Plaintiff'' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

> (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;
>
> (b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes

the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

(g) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

29. Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, based on the following grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiffs satisfying a burden of proof less than the "beyond the reasonable doubt" burden of proof required in criminal cases;

      (b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

      (c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

      (d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

      (e) The award of punitive damages in this case constituted a deprivation of property without due process of law.

30. Plaintiff's attempt to impose punitive damages or extra-contractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

31. The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

32. The procedures pursuant to which punitive damages are awarded permit the imposition of an excess fine in violation of Article I, Section 15, of the Constitution of Alabama.

33. This Defendant specially pleads the limitations set forth in Section 6-11-21 of the *Alabama Code*.

34. This Defendant pleads the punitive damages cap and avers that the abolishment of the cap by the Alabama Supreme Court was unconstitutional and without effect.

35. This Defendant avers that the Alabama Supreme Court cannot abolish the cap for punitive damages established by the legislature and the attempt to abolish the cap violates the Constitutions of the United States and the State of Alabama.

36. The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on this Defendant.

37. This Defendant avers all the defenses set out by the United States Supreme Court in *BMW of North American v. Gore*, 517 U.S. 559 (1996).

38. Plaintiff's claims for damages are subject to the provisions of *Ala. Code* §12-21-45 (1975).

39. Plaintiff's claims for punitive damages are subject to the cap on punitive damages imposed by *Ala. Code* § 6-11-21 (1975).

40. This Defendant joins with and alleges any other applicable defenses presented by any other Defendant to this action.

41. This Defendant reserves the right to plead any other defense which discovery dictates is applicable.

**THIS DEFENDANT DEMANDS A JURY TRIAL
OF ALL OF THE ISSUES INVOLVED IN THIS CASE**

*s/ M. Jeremy Dotson*
M. Jeremy Dotson (ASB-7563-M74D)
Attorney for Defendants,
*Jeffrey Moreland and J & J Martin, Inc.*

**Of Counsel:**
PORTERFIELD, HARPER, MILLS, MOTLOW & IRELAND, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, AL  35242-4821
Telephone: (205) 980-5000
Fax: (205) 980-5001
mjd@phm-law.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this the **21st** day of **August**, **2020**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case, and I hereby certify that I am forwarding the foregoing via United States Mail and/or email to the non-CM/ECF participants.

Charles James, II, Esq.
Brandon Price-Crum, Esq.
SERIOUS INJURY LAW GROUP
418 Scott Street
Montgomery, Alabama  36104
Telephone:   (334) 832-1001
Facsimile:    (334) 832-1002
chuck@seriouslawyers.com
brandon@seriouslawyers.com


Joshua J. Jackson, Esq.
Kevin W.R. Bufford, Esq.
SAMFORD & DENSON, LLP
P.O. Box 2345
Opelika, Alabama 36803-2345
Telephone: (334) 745-3504
Facsimile: (334) 745-3506
jackson@samfordlaw.com
bufford@samfordlaw.com

                                           *s/ M. Jeremy Dotson*
                                           OF COUNSEL